# FRIER LEVITT

A T T O R N E Y S   A T   L A W

Jonathan E. Levitt, Esq. (JL 3881)
William Lim, Esq. (WL 5706)
84 Bloomfield Avenue
Pine Brook, NJ 07058
Telephone: (973) 618-1660
Facsimile:   (973) 618-0650
jlevitt@frierlevitt.com
wlim@frierlevitt.com
Attorneys for Plaintiff-Petitioner, Mohamed M. Kawam, M.D.

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| MOHAMED M. KAWAM, M.D., <br><br> Plaintiff-Petitioner, <br><br> vs. <br><br> UNITED STATES OF AMERICA, THOMAS M. HARRIGAN, in his official capacity as Deputy Administrator of the Drug Enforcement Administration, ADRIANA DIMICELI, Special Agent – Drug Enforcement Administration, in her individual capacity, THOMAS POPOWICH, Diversion Investigator – Drug Enforcement Administration, in his individual capacity, THOMAS GERMANY, Special Agent – Drug Enforcement Administration, in his individual capacity, JOHN DOES 1 – 20, law enforcement officers, in their individual capacities, <br><br> Defendants-Respondents. | Civil Action No. 14-CV-06330 (WJM)(MF) <br><br> Hon. William J. Martini, U.S.D.J. <br> Hon. Mark Falk, U.S.M.J. <br><br> **DECLARATION OF MOHAMED M. KAWAM, M.D., IN SUPPORT OF MOTION FOR HARDSHIP RELEASE OF SEIZED CURRENCY** <br><br> (DEA Asset ID No. 14-DEA-602837, Case No. C3-13-0140) <br><br> (On Appeal From DEA Administrative Docket No. 2014-23) <br><br> ORAL ARGUMENT REQUESTED <br><br> Motion Return Date: December 15, 2014 |

I, Mohamed M. Kawam, M.D., hereby declare and state as follows:

1.      I am the Plaintiff-Petitioner in the above-captioned matter.  I make this Declaration in Support of Plaintiff's Motion for Hardship Release of Seized Currency based upon my personal knowledge.

2.      Attached hereto as <u>Exhibit A</u> is a true and accurate copy of the Notice of Seizure

dated September 9, 2014, from the U.S. Drug Enforcement Administration ("DEA"), concerning the asset forfeiture proceeding for $52,874.00 in U.S. currency seized by the DEA from my home.

3.    Attached hereto as <u>Exhibit B</u> is a true and accurate copy of the Receipt for Cash or Other Items listing the U.S. currency and other property seized by the DEA from my home on August 13, 2014.

4.    Attached hereto as <u>Exhibit C</u> is a true and accurate copy of a letter from the DEA dated October 24, 2014 (the "Hardship Letter"), denying a hardship release of the seized currency.

5.    Attached hereto as <u>Exhibit D</u> is a true and accurate copy of a letter from the DEA dated October 28, 2014 (the "Forfeiture Referral Letter"), noting that the forfeiture matter has been referred to the U.S. Attorney's Office for the District of New Jersey.

6.    As set forth in Plaintiff's Verified Complaint, it is undisputed that the currency subject to the DEA's forfeiture proceeding was seized from my home.

7.    When the DEA's agents appeared at my home on August 13, 2014, the agents told me they had a search warrant, but did not show me the search warrant document.

8.    Because the DEA agents came to my home and told me they had a search warrant, the DEA agents created the impression that they had a search warrant for my home, and that I had no choice but to comply.

9.    Because of this false impression created by the DEA, I allowed the DEA agents to enter my home.

10.    Had I known at that time that the DEA did not, in fact, have a search warrant for my home, I would not have allowed the DEA agents to enter my home.

11.    Thus, I did not knowingly consent to the DEA's search of my home.

12.    Once inside my home, the DEA agents immediately began questioning me and my wife about whether we kept cash or firearms in the home, and where it was kept.

13.     In response, my wife directed the DEA agents to the master bedroom, where my family kept cash for everyday household purposes.

14.     My family and I had saved this significant sum of cash, amounting to tens of thousands of dollars, over the last ten to twenty years, with earnings from my medical practice being among, but not the sole, source of the cash.

15.     This cash therefore consists of the commingled proceeds from my business, along with other savings.

16.     Because my family does not significantly use personal checks, debit cards, or credit cards, it was important that I maintain this cash for use to pay household expenses, provide room and board to my children who are enrolled in medical school, and draw upon for office expenses at my medical practice.

17.     In fact, if not for the ability to draw upon this cash, my family has virtually no liquid assets to use to buy groceries, buy gasoline for the family car, provide living expenses for my children enrolled in medical school, or pay for emergency expenses.

18.     In addition, if not for the ability to draw upon this cash, my medical practice has little in the way of cash reserves for use to buy office supplies or meet payroll expenses, especially at times when insurance reimbursements and other accounts receivable are difficult to collect or slow to be paid.

19.     Nevertheless, the entirety of this cash, representing years of savings, was seized by the DEA agents.

20.     At the time of seizure, the DEA agents ignored my attempts to explain what the source of the cash was and what it was used for.

21.     At the time of seizure, I did not observe any DEA agent counting the cash or recording the serial numbers on each bill.

3

22.     Thus, the only documentation that the DEA agents gave me at the time of seizure was the Receipt for Cash or Other Items (see Exh. B).

23.     Because my family does not keep a running accounting of this cash, I am unsure as to the exact amount of cash that was seized, and I am relying entirely upon the DEA Notice of Seizure to show an accurate amount (see Exh. A).

24.     The DEA's seizure of this cash therefore poses a substantial hardship upon my family as well as my medical practice.

25.     Specifically, without the ability to draw upon this cash, my family has already begun incurring debt through withdrawals from a bank line of credit, in order to pay for ongoing household expenses.

26.     If my family and I are unable to repay any debts incurred, or at least meet the required repayment schedule, it would place my family at risk of foreclosure or bankruptcy.

27.     Furthermore, without the ability to draw upon the this cash, my medical practice may become unable to function due to the lack of cash reserves to maintain ongoing business expenses, especially in light of the severe disruption to my practice's revenues and cash flow caused by the DEA's suspension of my controlled substances ("CDS") registration and the DEA's additional seizure of my patient files and business records.

28.     Given the fungibility of this cash, I do not necessarily need the original currency bills returned to me, but I do seek the return of its monetary equivalent.

29.     If this cash is returned to me on the basis of hardship pending the final disposition of forfeiture proceedings, I am willing to abide by reasonable procedures which may be imposed by the Court for the accounting of this cash as well as the posting of a bond.

30.     In addition, since I have both lived at my home and maintained my medical practice at the same office for over twenty years each, I have sufficient ties to my community to assure the

Court that this cash will be available at the time of trial.

31.     Although I sought the release of this cash from the DEA on the basis of hardship at the time the Verified Complaint was filed, the DEA has denied my request (see Exh. C).

32.     The DEA's justification for denying a hardship release was that it has not been shown that this cash is an asset of a legitimate business which has been seized.

33.     However, as set forth in the Verified Complaint and as I have described herein, this cash does consist in part of revenues I have received from my medical practice business.

34.     Furthermore, the DEA has in fact effectively seized my medical practice business, in that the DEA's actions have rendered it nearly impossible to continue to operate my practice.

35.     Specifically, separate and apart from the suspension of my CDS registration, the DEA seized voluminous *original* patient files and business records from both my home and office, and has yet to return them.

36.     Notably, the DEA seized my *original* files for over one thousand patients, including patients who are disabled or who have chronic conditions.

37.     The DEA also seized my *original* business records, including but not limited to books and ledgers, appointment books, insurance claim documents, and correspondence.

38.     The fact that the DEA seized my *original* patient files and business records, and has continued to hold these files and records for over three months, without returning them to me or providing me with any copies, means that I have virtually no ability to render proper treatment to a majority of my patients, and no ability to maintain proper business billing and accounting.

39.     As a result, I have been forced to cancel hundreds of patient appointments, thus foregoing substantial business revenues and severely diminishing my practice's cash flow.

40.     In fact, my practice is currently incurring losses estimated at $15,000 to $20,000 per month due to diminished revenue.

41.     I have also been forced to refer numerous patients to other physicians, thus ending long-standing patient relationships and severely diminishing my practice's goodwill.

42.     A physician must maintain proper patient and business records not only in the interest of patient care, but also to comply with insurance payor contracts and regulations of the New Jersey State Board of Medical Examiners.

43.     By way of example and not limitation, both the Medicare and Medicaid programs, as well as private health insurance carriers, typically require that a physician to be able to provide a patient's records upon demand, in the event that questions arise over prior authorizations for treatment, payment audits and disputes, or quality of care.

44.     By way of further example and not limitation, a regulation of the New Jersey State Board of Medical Examiners, N.J.A.C. 13:35-6.5, requires that physicians maintain patient files and records, including billing records, for seven years, and further requires that physicians provide patient records to the patient or the patient's other treating health care providers upon demand.

45.     By way of further example and not limitation, a patient or a patient's attorney may request a file or record for use in furtherance of *inter alia* claims for disability or other benefits, personal injury litigation, or eligibility for insurance.

46.     Because the DEA seized my *original* patient files and business records, I am unable to properly respond to numerous pending records requests from patients, attorneys, and insurance companies, and will not be able to respond so long as the DEA has custody of my *original* records.

47.     Moreover, because the DEA seized my *original* business records, I am unable to properly calculate the figures necessary to file my business tax returns, and must instead attempt to make good faith estimates.

48.     As set forth in the Verified Complaint, and the correspondence attached thereto, my attorneys have attempted to secure the return of my *original* patient and business records, at the very

6

least to the extent that would allow me to respond to pending records requests.

49.     In fact, as shown in the Verified Complaint, and the correspondence attached thereto, I have received a subpoena for the records of patient S.R. from S.R.'s attorney, for use in unrelated civil litigation.

50.     Because I am unable to respond to any of these records requests, I am at risk of being deemed to be out of compliance with my contractual insurance obligations, and thus subject to contract termination.

51.     Because I no longer have possession of a large volume of my *original* patient files and business records, I am at risk of being deemed to be out of compliance with New Jersey Stare Board of Medical Examiners regulations, which may be a basis for the suspension or revocation of my medical license pursuant to state law, N.J.S.A. 45:1-21.

52.     Because I am unable to respond to the subpoena for S.R.'s patient records, I am at risk of being deemed to be in contempt of court, and subject to punishment.

53.     Because I must rely on good faith estimates in order to prepare and file my business taxes, I am at risk of being penalized in the event of an underpayment or an audit.

54.     Therefore, although the DEA's seizure of my *original* patient files and business records does not, at first glance, prevent me from keeping my medical practice open, it has nevertheless had a severe and irreparable professional impact, to the point where maintaining my medical practice may no longer be sustainable.

55.     Notably, patient relationships and patient files are the lifeblood of any medical practice, and are the most important and irreplaceable assets of a practice.

56.     By seizing my *original* patient files and business records, and to date refusing to return these to me, the DEA has effectively placed a chokehold on the most critical aspect of my practice, destroyed my patient relationships, and subjected me to potentially irreparable professional,

financial, and legal consequences.

57.     Thus, even if the DEA did not seize my medical practice outright, it has deliberately inflicted what is, in effect, a slow bleed that will inevitably result in the destruction of my business.

58.     It is therefore critical that the cash that was seized from me by the DEA be immediately returned to me, on the basis of hardship.

59.     It is further critical that the DEA return my *original* patient files and business records to me as soon as possible.

As permitted by 28 U.S.C. §1746, I declare under penalty of perjury that the foregoing is true and correct.

Respectfully submitted,

By: _____

Mohamed M. Kawam, M.D.

Dated: November 21, 2014

# EXHIBIT A



# U.S. Department of Justice

Drug Enforcement Administration

Mohamed N. Kawam M.D. aka Mohamed N. Kawam
Jabakji M.D.
c/o Mohamed H. Nabulsi/Esq.
Frier Levitt Attorneys at Law
84 Bloomfield Avenue
Pine Brook, NJ 07058

| Asset Id: | 14-DEA-602837 |
| --- | --- |
| Case Number: | C3-13-0140 |
| Property: | $52,874.00 U.S. Currency |
| Asset Value: | $52.874.00 |
| Seizure Date: | 08/13/2014 |
| Seizure Place: | Wayne, NJ |
| Owner Name: | Kawam M.D., Mohamed N. |
| Seized From: | Jabakji M.D., Mohamed N. Kawam M.D. aka Mohamed N. Kawam |
| Judicial District: | District of New Jersey |

**NOTICE MAILING DATE:** September 9, 2014

## NOTICE OF SEIZURE

The above-described property was seized by the Drug Enforcement Administration (DEA) for forfeiture pursuant to **Title 21, United States Code (U.S.C.), Section 881**, because the property was used or acquired as a result of a violation of the Controlled Substances Act (Title 21, U.S.C., Sections 801 et seq.). The seizure date and place, as well as other pertinent information regarding the property are listed above.

Pursuant to Title 18, U.S.C., Section 983 and Title 19, U.S.C., Sections 1602-1619, procedures to administratively forfeit this property are underway. You may petition the DEA for return of the property or your interest in the property (remission or mitigation), and/or you may contest the seizure and forfeiture of the property in Federal court. **You should review the following procedures very carefully.**

## TO REQUEST REMISSION OR MITIGATION OF FORFEITURE

If you want to request the remission (**pardon**) or mitigation of the forfeiture, you must file a petition for remission or mitigation with the Forfeiture Counsel of the DEA within thirty (**30**) days of your receipt of this notice. The petition must include proof of your

interest in the property and state the facts and circumstances which you believe justify remission or mitigation. The regulations governing the petition process are set forth in Title 28, Code of Federal Regulations, Part 9.

## TO CONTEST THE FORFEITURE

In addition to, or in lieu of petitioning for remission or mitigation, you may contest the forfeiture of the seized property in UNITED STATES DISTRICT COURT. To do so, you must file a claim with the Forfeiture Counsel of the DEA by **October 14, 2014**. The claim need not be made in any particular form (Title 18, U.S.C., Section 983(a)(2)(D)). The claim shall identify the specific property being claimed; state the claimant's interest in such property; and be made under oath, subject to penalty of perjury (Title 18, U.S.C., Section 983(a)(2)(C)). A frivolous claim may subject the claimant to a civil fine in an amount equal to ten (10) percent of the value of the forfeited property, but in no event will the fine be less than $250 or greater than $5,000 (Title 18, U.S.C., Section 983(h)). Upon the filing of a claim under Title 18, U.S.C., Section 983(a), a claimant may request, pursuant to Section 983(f), release of the seized property during the pendency of the forfeiture proceeding due to

hardship. Requests must be sent to the Forfeiture Counsel of the DEA. The following property is not eligible for hardship release: contraband, currency, or other monetary instruments or electronic funds unless the property constitutes the assets of a legitimate business which has been seized; property to be used as evidence of a violation of the law; property, by reason of design or other characteristic, particularly suited for use in illegal activities; and property likely to be used to commit additional criminal acts if returned to the claimant. If you wish to contest the forfeiture of the asset, you must comply with the procedures set forth herein. Your failure to do so will result in the termination of your interest in the asset, and may preclude your contesting the forfeiture of the asset in any judicial proceeding - either civil or criminal - even if such a proceeding has already been commenced or is commenced in the future.

## WHERE TO FILE CORRESPONDENCE

All submissions must be filed with the **Forfeiture Counsel, Asset Forfeiture Section, Drug Enforcement Administration, HQs Forfeiture Response, P.O. Box 1475, Quantico, Virginia 22134-1475. Correspondence sent via private delivery must be filed with the Forfeiture Counsel, Asset Forfeiture Section, Drug Enforcement Administration, 8701 Morrissette Drive, Springfield, VA 22152. A PETITION, CLAIM, OR OTHER CORRESPONDENCE SHALL BE DEEMED FILED WITH THE FORFEITURE COUNSEL, ASSET FORFEITURE SECTION, WHEN RECEIVED BY THE DEA AT EITHER OF THE ADDRESSES NOTED ABOVE. SUBMISSIONS BY FACSIMILE OR OTHER ELECTRONIC MEANS WILL NOT BE ACCEPTED.** The Asset ID referenced above should be used with all submissions. **Failure to include the Asset ID may cause a delay in processing your submission(s).**

SEP 1 1 201

# EXHIBIT B

**U.S. DEPARTMENT OF JUSTICE - DRUG ENFORCEMENT ADMINISTRATION**
## RECEIPT FOR CASH OR OTHER ITEMS

TO: (Name, Title, Address (including ZIP CODE), if applicable)

Mohamd Kawam

Wayne, NJ 07470
X

FILE NO. C3-13-0140
FILE TITLE

G-DEP IDENTIFIER

DATE 8/13/14

DIVISION/DISTRICT OFFICE

New Jersey Division

I hereby acknowledge receipt of the following described cash or other item(s), which was given into my custody by the above named individual.

| AMOUNT or QUANTITY | DESCRIPTION OF ITEM(S) | PURPOSE (If Applicable) |
|---|---|---|
| 1 Evidence bag | Undetermined Amount of USC | |
| | in SSEE ES000730592 | |
| 1 Evidence bag | Undetermined Amount of USC | |
| | in SSEE ES000730593 | |
| 1 patient file | K____, H____ | Seizure |
| 1 patient file | M____, J____ | |
| 1 patient file | St____, Q____ | |
| 1 patient file | ____, B____ | |
| 1 patient file | L____, ____ N000468053 | |
| 1 Evidence bag | ____ Undetermined Amt USC (EM000453053 | |

RECEIVED BY (Signature)

WITNESSED BY (Signature)

NAME AND TITLE (Print or Type)
T Geaman

NAME AND TITLE (Print or Type)
Brian Hammarstrom TFO

FORM DEA-12 (8-02) Previous editions obsolete

Electronic Form Version Designed in JetForm 5.2 Version

# EXHIBIT C

U. S. Department of Justice
Drug Enforcement Administration

---

OCT 2 4 2014

**CERTIFIED MAIL – RETURN RECEIPT REQUESTED**

William Lim, Esq.
Frier & Levitt, LLC
84 Bloomfield Avenue
Pine Brook, NJ  07058

Re:    DEA Case No. C3-13-0140
       Asset ID No.  14-DEA-602837
       Property:      $52,874.00 U.S. Currency
       Claimant:     Mohamed M. Karwan

Dear Mr. Lim:

The Drug Enforcement Administration (DEA), Office of Chief Counsel, Asset Forfeiture Section received your claim and request for hardship release dated October 13, 2014, filed on behalf of your client, Mohamed M. Karwan.  The claim will be addressed under separate cover.

Pursuant to 18 U.S.C. Section 983 (f) (8), currency or other monetary instruments (including electronic funds) are not eligible for release during the forfeiture proceeding unless such currency or other monetary instrument constitutes the assets of a legitimate business which has been seized.  See In re: Seizure Warrants Issued March 27, 2008 and April 23, 2008, 593 F.Supp.2d 892 (N.D. W.Va. 2008) and United States v. 8 Gilcrease Lane, 587 F.Supp.2d 133 (D.D.C. 2008).  Your client's request for hardship release failed to provide any evidence to demonstrate that the seized currency is an asset of a legitimate business which has been seized.  Therefore, this property is not eligible for release prior to the disposition of the forfeiture proceeding.  You may consider this a denial of your client's request because it fails to qualify for that procedure.  This decision is final and no further request for hardship release shall be considered.

Sincerely,

Carmen R. Pomares

Carmen R. Pomares
Senior Attorney

OCT 2 9 2014

# EXHIBIT D

**U. S. Department of Justice**

Drug Enforcement Administration

*www.dea.gov*                                        October 28, 2014

William Lim, Esq.
Frier Levitt Attorneys at Law
84 Bloomfield Avenue
Pine Brook, NJ  07058

Re:   Case No.:          C3-13-0140
      Asset ID No.:      14-DEA-602837
      Property:          $52,874.00 U.S. Currency
      Judicial District: District of New Jersey
      Claimant:          Mohamed M. Kawam, M.D.

Dear Mr. Lim:

The Drug Enforcement Administration (DEA) has received the submission regarding the above-referenced asset(s).  The following information is provided:

___X___   The claim has been accepted and this matter has been referred to the United States Attorney for the Civil Division in the judicial district noted above.  Please direct all inquiries regarding this matter to that office.

_____   The claim and petition have been accepted and this matter has been referred to the United States Attorney for the Civil Division in the judicial district noted above.  Please direct all inquiries regarding this matter to that office.

_____   The petition, which was previously acknowledged, is now being handled by the United States Attorney for the Civil Division in the judicial district noted above.  Please direct all inquiries regarding this matter to that office.

_____   The submission has been referred to the United States Attorney for the Civil Division in the judicial district noted above.  Please direct all inquiries regarding this matter to that office.

_____   The claim for the above-referenced property is being **returned** because it was received **in this office** after the last date to file, which was _____.

_____   The request for release of the property due to hardship cannot be given consideration at this time since you failed to submit a timely valid claim.

NOV 0 3 20

Page 2

_____ Petitions for Remission and/or Mitigation of forfeiture may be filed until the date the property is disposed of according to law. Since a petition was submitted along with the returned claim, this office will administratively rule on the petition. It is anticipated that this process will take a minimum of **120 days** before a decision can be rendered on the merits of the petition.

_____ Although a Petition for Remission and/or Mitigation was **not** filed along with the returned claim, as a matter of discretion, we will allow you **twenty (20) days** from the date of receipt of this letter to file a petition. Please note that the petition must be sworn to under penalty of perjury. For your reference, the acceptable language required by statute is as follows:

**I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct. Executed on (date).**

**(Petitioner's Signature)**

Further correspondence with this office must include the DEA Case and Asset ID numbers referenced above and be addressed to the Forfeiture Counsel, Asset Forfeiture Section, Drug Enforcement Administration, HQs Forfeiture Response, P.O. Box 1475, Quantico, Virginia 22134-1475. Correspondence sent via private delivery must be filed with the Forfeiture Counsel, Asset Forfeiture Section, Drug Enforcement Administration, 8701 Morrissette Drive, Springfield, Virginia 22152.

Sincerely,

Asset Forfeiture Section
Office of Operations Management

**CLAIM.ACK (September 2011)**          BY: PB          AD CODE #: 1306